UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: WHOLESALE GROCERY PRODUCTS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Charles W. Prather Company, Inc. d/b/a Prathers IGA v. C&S Wholesale Grocers, Inc., et al.*<br>Civil No. 0:09-cv-02932-ADM-AJB | Civil Action No. 09-MD-02090 ADM/AJB<br>MDL No. 2090<br><br>Civil No. 0:09-cv-02932 ADM/AJB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF CHARLES W. PRATHER COMPANY'S MOTION FOR DISMISSAL WITHOUT PREJUDICE** |

Plaintiff Charles W. Prather Company d/b/a Prathers IGA ("Prathers") concedes that its claims are barred by the applicable statute of limitations in this case, and that dismissal is appropriate. Prathers requests that its dismissal be without prejudice, however, to preserve its ability to re-file its case later. *See* Prathers Br. at 1, 3, 4. The appropriate remedy for a plaintiff with no claim is a dismissal *with* prejudice, not *without* prejudice as Prathers requests.

**ARGUMENT**

Rule 41(a)(2) was adopted to prevent voluntary dismissals "that unfairly affect defendants." *Best Buy Stores, L.P. v. Developers Diversified Realty*, No. 05-2310 DSJ/JJG, 2010 U.S. Dist. LEXIS 56301, at *8 (D. Minn. May 25, 2010) (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)). In deciding whether to permit a plaintiff to dismiss without prejudice, the Court considers "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the

defendants." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1996). Certainly, "a party is not permitted to dismiss merely to escape an adverse decision." *Id.*

Defendants SuperValu Inc. and C&S Wholesale Grocers, Inc. have spent considerable time, effort, and expense defending themselves in this case, including filing and arguing a motion to dismiss and defeating Plaintiffs' motion for partial summary judgment. Defendants effectively won a statute-of-limitations dismissal with respect to Plaintiffs Prathers and Robert Warren Wentworth Jr. d/b/a Rangeley IGA ("Wentworth"). As Prather's now admits, like Wentworth, "its purchases from Defendants fall outside the 4-year Clayton Act statute of limitations, and the Court has dismissed Plaintiffs' fraudulent concealment claims."[1] (Prathers' Br. at 4.). While Wentworth has correctly agreed to dismiss its claims with prejudice, Prathers should not be permitted "to escape [that] adverse decision" by dismissing without prejudice. *See Hamm*, 187 F.3d at 950. Indeed, the Eighth Circuit "would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be addressed." *Metropolitan Fed. Bank, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993). Neither the Court nor Defendants should have to expend further time or

---

[1] In its July 7, 2010 Order, the Court dismissed Plaintiffs' fraudulent concealment claims, but permitted them to assert claims "for injuries caused by supra-competitive prices charged, i.e., in the four years immediately proceeding the filing dates of the complaints in these four antitrust actions." (July 7 Order, at 15.) Because, as they now admit, Prathers and Plaintiff Robert Warren Wentworth Jr. d/b/a Rangeley IGA ("Wentworth") had no purchases from either Defendant within four years of the filing of their respective complaints, neither of these Plaintiffs had any factual basis to even argue that Defendants injured them within the limitations period. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1019 (8th Cir. 2004)

expense litigating Prathers' non-existent claims again. *Hamm*, 187 F.3d at 951; *Paulucci*, 826 F.2d at 783-84.

Prathers also offers no valid explanation for its request for a dismissal without prejudice. Prathers argues that it would be "grossly unfair" to dismiss its claims with prejudice, *id.* at 6, but there is nothing unfair about dismissing time-barred claims with prejudice. Indeed, Plaintiffs' counsel stipulated to the dismissal with prejudice of another plaintiff in this case, Wentworth, who has no claim for the same reason as Prathers. *See* Civil Action No. 09-MD-02090 ADM/AJB, Docket Nos. 74, 79 (Stipulation and Order). There is nothing unfair about treating both undisputedly time-barred Plaintiffs the same.

Prathers also argues that it should be dismissed without prejudice because (1) discovery has not yet begun, and (2) Plaintiffs may later decide to modify the proposed Class Definition to allow Prathers to "regain" its claims. Prathers Br. at 5-6. Neither argument has merit.

Prathers concedes that its purchases fall outside the applicable statute of limitations. *Id*. at 1, 3, 4. No additional discovery will change that, and therefore no discovery is needed to determine whether or not Prathers has a claim. Moreover, Prathers' suggestion that discovery may help it is remarkable because Prathers has flatly *refused* to provide any discovery of its own. All parties agreed to provide their initial disclosures under Fed. R. Civ. P. 26(a) three weeks ago, yet Prathers has refused to do so. Prathers Br. at 3 n.1. If Prathers believes that discovery will somehow demonstrate that it has a claim, Prathers should stay in the case and participate in discovery—including providing initial disclosures and responding to discovery requests from Defendants. But

3

Prathers cannot wait on the sidelines, avoid its discovery obligations, and then try to rejoin the case later.

Prathers' suggestion that a modification of the Class Definition may allow it to "regain" a claim is equally meritless. Rule 23 is a procedural device. It cannot create a claim for a plaintiff that has no claim. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613 (1997) (Rules Enabling Act, 28 U.S.C. § 2072(b), requires that rules of procedure, including Rule 23, "not abridge, enlarge or modify any substantive right.").

## **CONCLUSION**

Prathers is not entitled to a dismissal without prejudice. Given Prathers' admission that its claims are time-barred, Defendants respectfully request that the Court either (1) grant Prathers' motion in part, as modified to provide for dismissal *with prejudice*,[2] (2) deny Prathers' motion, and enter summary judgment *sua sponte* dismissing Prathers' claims with prejudice,[3] or (3) deny Prathers' motion, and order it to remain in the case and participate fully in discovery.

---

[2] *See Best Buy Stores*, 2010 U.S. Dist. LEXIS 56301, at *8 (granting Rule 41(a)(2) motion, but providing for dismissal with prejudice).
[3] *Bremer Bank, N.A. v. John Hancock Life Ins. Co.*, Civ. No. 06-1534 ADM/JSM 2009 U.S. Dist. LEXIS 21055, at *43 n.12 (D. Minn. 2010) (granting summary judgment *sua sponte* where "neither party has contended that there are any fact issues that preclude . . . judgment as a matter of law").

Dated: September 22, 2010                          Respectfully submitted,

FREDRIKSON & BYRON, P.A.                           ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By:   s/Todd Wind                                  By:   s/Stephen P. Safranski
     Todd Wind (#196514)                              Martin R. Lueck (#115548)
     Nicole M. Moen (#329435)                         K. Craig Wildfang (#117043)
                                                      Stephen P. Safranski (#331326)

200 South Sixth Street                             Marta M. Chou (#332112)
Suite 4000                                         E. Casey Beckett (#338214)
Minneapolis, Minnesota 55402-1425
Tel.:  612-492-7046
Fax:  612-492-7077                                 2800 LaSalle Plaza
                                                   800 LaSalle Avenue
                                                   Minneapolis, Minnesota  55402
                                                   Tel.:  612-349-8500
                                                   Fax:  612-339-4181

                                                   *Attorneys for Defendant SuperValu Inc.*

HOWREY LLP

     Christopher J. MacAvoy
     Thomas A. Isaacson
     Charles A. Loughlin
     David S. Shotlander

1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel.:  202-783-0800
Fax:  202-383-6610

*Attorneys for Defendant C&S Wholesale Grocers, Inc.*

4806998_1.DOC