UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: WHOLESALE GROCERY PRODUCTS ANTITRUST LITIGATION | Civil Action No. 09-md-02090 ADM/TNL<br>MDL No. 2090 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**ORDER GRANTING MOTION FOR FINAL APPROVAL
OF CLASS SETTLEMENT BETWEEN PLAINTIFF D&G, INC. ON BEHALF
OF THE CHAMPAIGN DC NON-ARBITRATION CLASS AND
DEFENDANT SUPERVALU INC. AND ENTRY OF FINAL JUDGMENT**

THIS CAUSE came before the Court on the Champaign DC Non-Arbitration Class's Motion for Final Approval of Settlement [Docket No. 884]. Plaintiff D&G, Inc., on behalf of the Champaign DC Non-Arbitration Class (the "Class"), has entered into a Settlement Agreement [Docket No. 823, Ex. 1] with Defendant Supervalu Inc. ("Supervalu" or "Settling Defendant"). On August 10, 2017, the Court entered its Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order") [Docket No. 840].

Among other things, the Preliminary Approval Order authorized Midwest Plaintiffs to disseminate notice of the settlement to the Class, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order and the Court held a fairness hearing on November 15, 2017. Class

member and Plaintiff D&G appeared at the fairness hearing in favor of approval of the settlement. No class member appeared at the fairness hearing to oppose approval or object to the settlement.

Based on Midwest Plaintiffs' Motion for Final Approval of Class Settlement with Defendant Supervalu Inc., oral argument presented at the fairness hearing, and the complete records and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. Midwest Plaintiffs' Motion [Docket No. 884] is **GRANTED**

2. This Court has jurisdiction over the subject matter of this litigation, all members of the Class, and all Defendants.

3. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

## THE PROPOSED SETTLEMENT WITH DEFENDANT SUPERVALU INC.

4. The Preliminary Approval Order outlined the form and manner by which the Midwest Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice via U.S. Mail to members of the Class who could be identified through reasonable efforts, the set-up and maintenance of a case-specific website, www.wholesalegroceryproductsclassaction.com and of a toll-free number 1-844-702-7322. Notice provider and claims administrator JND Legal Administration LLC

provided proof that mailing conformed to the Preliminary Approval Order in a declaration filed contemporaneously with the Motion for Final Approval of Class Settlement.  This notice program fully complied with Fed. R. Civ. P. 23, satisfied the requirements of due process, is the best notice practicable under the circumstances, and constituted due and adequate notice to the Class of the Settlement, Final Approval Hearing and other matters referred to in the Notice.  In addition, counsel has notified the Court that Settling Defendant Supervalu has complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715. None of the state or federal officials who received the CAFA notice have commented on or opposed the settlement, and the time to do so expired on October 30, 2017.

5. The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

6. Final approval of the settlement with the Settling Defendant is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is fair, reasonable, and adequate to the Class.  In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

7. The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

8. The entities identified on Exhibit 1 to the Declaration of Elizabeth R. Odette, filed as Docket No. 828, hereto have timely and validly requested exclusion from

the Class and, therefore, are excluded.  Such entities are not included in or bound by this Order and Final Judgment.  Such entities are not entitled to any recovery from the settlement proceeds obtained through this Settlement.

9. The Action and all Released Claims are hereby dismissed with prejudice and without costs except as provided by this or future Order of the Court.  The Releasing Parties are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of the Released Parties.  This dismissal applies only in favor of the Settling Defendant and the other Released Parties.  It is made without prejudice to any claims the Class may have against any other Defendant.

10. The Escrow Account into which the Settling Defendant has deposited a total of eight million seven hundred and fifty dollars ($8,750,000) as the settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

11. Midwest Class Plaintiffs' Motion for Approval of Plan of Distribution to the Champaign Non-Arbitration Class and Partial Reimbursement of Expenses [Docket No. 874] is currently pending before the Court and shall be addressed by separate order.  Any further award for reimbursement of expenses, or any award of fees or incentive award for Plaintiff D&G, Inc., shall be made by separate order after the Court has considered any application or applications for such fees, expenses, and incentive award submitted by Class Counsel.

12. This Order and Final Judgment does not settle or compromise any claims by Class Plaintiffs, the Class, or any of the other plaintiff classes certified in this Action against the other Defendant or other persons or entities other than the Settling Defendant and the other Released Parties, and all rights against any other Defendant or other person or entity are specifically reserved.

13. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

14. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for attorneys' fees and reimbursement made by Class Counsel; (d) any application for an incentive award for the Plaintiff; and (e) the escrow and distribution of the settlement proceeds to the Class Members. Class members who have not requested and been granted exclusion from the Settlement Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for any suit, action, proceeding, or dispute arising out of or relating to this Settlement.

15. Pursuant to Paragraphs I(B)(14) and II(E)(3)(g) of the Settlement Agreement, settlement funds may be disbursed following the Final Approval Date, which is thirty-five (35) days after the Court enters this Order and Final Judgment of the Class Settlement Agreement if no appeal is taken; or if an appeal is taken from the Order and

Final Judgment, the date on which all appellate rights have expired, been exhausted, or been finally disposed of in a manner that affirms the Order and Final Judgment.

16. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to the Settling Defendant.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: November 16, 2017         s/ Ann D. Montgomery
ANN D. MONTGOMERY
United States District Judge